**NOT FOR PUBLICATION**

JUL 12 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE RICHARD SENATOR, | No.    15-55136 |
| Petitioner-Appellant, | D.C. No.<br>8:10-cv-01600-SVW-PLA |
| v. | |
| STEVEN J. SENTMAN, Chief Probation Officer, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 4, 2017
Pasadena, California

Before:  WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,**
District Judge.

Appellant Bruce Senator appeals the denial of his Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2254 (1996).  After a jury trial, Senator was

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

found guilty of two counts of making criminal threats to two administrative law judges who had presided over Senator's worker's compensation claim. He was charged with one count for each judge. In his Habeas Petition and on appeal, Senator asserts that during closing argument the prosecutor committed misconduct by impermissibly vouching for the administrative law judges' credibility as witnesses. Upon reviewing Senator's Petition, the magistrate judge agreed that the prosecutor's closing argument consisted of impermissible vouching, but concluded that the trial court cured the vouching through jury instructions, and that, in the context of the entire trial, the vouching was harmless. Senator appeals that decision. We have jurisdiction pursuant to 28 U.S.C. § 1294(1), and we affirm, although we take a different route than the district court to reach this conclusion.

1.      The prosecutor's comments during closing argument, made in response to Senator's argument, did not constitute impermissible vouching. To prevail on a claim of prosecutorial misconduct in a habeas action, a petitioner must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct warrants relief only if the alleged error "had substantial and injurious effect or influence in determining the jury's verdict."

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  Because Senator did not object to the prosecutor's comments, we review for plain error.  *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015).

The particular statements the district court found troublesome included that Senator was a convicted felon who was not trustworthy and that the judges' credibility was "[a]bsolutely untouchable."  The prosecutor responded to Senator's accusation that the judges were liars by stating: "As far as you, as jurors, are concerned, what they say goes.  If they said it happened, it happened.  If Judge Whitely comes in here or Judge Delaterre comes in here and tells you X happened, it happened.  And you know that, and there's no other way to view that evidence."

The prosecutor's comments at closing were in response to Senator's theory of the case and argument during closing that the judges were not credible because they were fixing workers' compensation cases and that the judges lied about feeling threatened by Senator's statements.   No evidence of fixing cases was presented at trial nor were either of the judges impeached during their testimony.

Senator and the district court relied on *Alcantara-Castillo* in support of the conclusion that the prosecutor's comments in closing constituted impermissible vouching.  788 F.3d at 1196.  But Senator's case is distinguishable from

*Alcantara-Castillo*, in that the witnesses in that case each had "significant credibility problems" which made the credibility contest "even closer." *Id*. There were no such credibility problems here because there was no evidence to support Senator's argument that the judges were liars. The judges were not impeached during their testimony, and no evidence was admitted that cast doubt on their veracity. Thus, it was not improper for the prosecutor to rebut Senator's general statements regarding the judges' credibility with a general defense of their credibility based on their profession. Moreover, the Government must be given reasonable latitude in closing argument, and in "a case that essentially reduces to which of two conflicting stories is true, it may be reasonable to infer, and hence to argue, that one of [the] two sides is lying." *United States v. Wilkes*, 662 F.3d 524, 541 (9th Cir. 2011) (quoting *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991)). Senator reduced the case to a credibility contest during closing argument and the prosecutor did nothing more than respond to that theory.

In his comments, the prosecutor did not inject the prestige of the government. For example, he did not insert any pronouns in the argument suggesting that it was his opinion or the Government's opinion that these were credible witnesses. *Cf. United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (finding that the prosecutor improperly vouched by making statements such as "I

4

think he [] was very candid[,]" and "I think he was honest."). 981 F.2d 1050, 1053 (9th Cir. 1992).

Here, the prosecutor pointed out only that the Government's trial witnesses were judges and that the jury could consider their job as evidence of their credibility. The jury could also consider the admitted evidence that Senator was a convicted felon in judging his credibility. Given these circumstances, the prosecutor's statements do not constitute impermissible vouching and we may end the analysis there.

2.     We construe Senator's arguments that he received ineffective assistance of counsel as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). Because Senator has not made a "substantial showing of the denial of a constitutional right," we deny the motion. *See Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**